IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

JESUS GARCIA,                    §
                                 §
v.                               §          C.A. NO. C-07-340
                                 §
NATHANIEL QUARTERMAN.            §

## MEMORANDUM AND RECOMMENDATION TO GRANT
## RESPONDENT'S MOTION FOR SUMMARY JUDGMENT

Petitioner is an inmate in the Texas Department of Criminal Justice,

Correctional Institutions Division, and is currently incarcerated at the Dominguez

Unit in San Antonio, Texas.  Proceeding pro se, petitioner filed this habeas corpus

petition pursuant to 28 U.S.C. § 2254 on August 22, 2007.  (D.E. 1).  Respondent

moves for summary judgment on the grounds that two of petitioner's claims are

procedurally defaulted, and the others meritless.  (D.E. 15).  Petitioner responded

on December 5, 2007.[1]  (D.E. 17).  On that same day, he also filed a motion for

summary judgment.  (D.E. 18).  For the reasons stated herein, it is respectfully

recommended that respondent's motion for summary judgment be granted.

## I.  JURISDICTION

The Court has jurisdiction over the subject matter and the parties pursuant to

28 U.S.C. § 2254, which provides that jurisdiction is proper where the inmate is

---

[1] Petitioner's one-paragraph response merely restates his allegations.  It offers no
evidence, or legal theory in support of his claims.

confined, or where the conviction was obtained.  <u>Wadsworth v. Johnson</u>, 235 F.3d 959, 961-62 (5th Cir. 2000).  Petitioner was convicted by the 36th Judicial District Court of San Patricio County, Texas, and therefore, jurisdiction is proper in this Court.  28 U.S.C. § 124(b)(6).

## II.  BACKGROUND

### A.    Procedural Background.

On May 19, 2006, petitioner pleaded guilty to felony possession of cocaine, marihuana, and possession of MDMA[2] with intent to distribute in cause No. S-06-3078-CR.  (D.E. 18, at 2).  On June 26, 2006, the trial court sentenced him to a two-year term of imprisonment for the marihuana charge, and ten-year terms for the other two charges.  <u>Ex Parte Garcia</u>, Application No. WR-67,424-01, at 18.[3] Petitioner did not appeal his conviction.  (D.E. 1, at 3).  On February 21, 2007, he filed a state habeas application.  SHA at 6.  On June 13, 2007, this application was denied without written order.  SHA at cover.  On August 20, 2007, petitioner filed this application for a writ of habeas corpus.  (D.E. 1).  On November 28, 2007, respondent moved for summary judgment.  (D.E. 15).

---

[2] MDMA is an abbreviation for 3, 4 methylenedioxy methamphetamine, which is found in the street drug Ecstasy.

[3] The record of petitioner's state habeas application will be abbreviated as "SHA."

**B.    Factual Background.**

On June 1, 2005, at approximately 9:00 p.m., Officer Robert Volkman stopped petitioner for not stopping, or signaling, at a stop sign.  Guilty Plea Packet, at 7.[4]  Petitioner could not produce a driver's license or proof of insurance, and appeared very nervous.  Id.  Officer Volkman asked him to exit the car, at which time he noticed a revolver in the door pocket.  Id.  Petitioner was then handcuffed, and an inspection of his car revealed that the gun was fully loaded.  Id.  Petitioner volunteered that he carried the gun for protection, and that he did not have a gun permit.  Id.  Officer Volkman then placed petitioner in his patrol car.  Id.  An inventory search revealed a large amount of money and a small cooler that contained large amounts of what appeared to be cocaine, marihuana, and Ecstasy.  Id.  Testing confirmed the presence of 183.22 grams of cocaine, 9.92 grams of pills containing MDMA, and 10.1 ounces of marihuana.  Id at 8-9.

Petitioner was taken into custody that night, and remained in jail until July 23, 2005.  (D.E. 1, at 7).  On June 10, 2005, he retained attorney Joseph A. Cheffo.  Id.  On March 8, 2006, he was indicted for possessing cocaine with intent to deliver, possessing MDMA with intent to deliver, and possessing marihuana.  GPP at 3-4.  The marihuana charge was a state jail felony; the other two were first

---

[4] The Guilty Plea Packet, (D.E. 16), will be abbreviated as "GPP."

3

degree felonies punishable by up to ninety-nine years or life in prison.  <u>Id.</u> at 3, 19;
<u>see</u> <u>also</u> Tex. Pen. Code § 12.32; Tex. Health & Safety Code §§ 481.102, 481.112
(cocaine); §§ 481.103, 481.113 (MDMA).  Petitioner was scheduled for
arraignment in March 2006.  Supplemental Record at 17.[5]  His wife requested that
Mr. Cheffo postpone the arraignment, and he agreed to do so.  <u>Id.</u> at 17-18.
However, the necessary papers were not filed until three days after the arraignment
date.  <u>Id.</u>  On March 31, 2006, the 36th Judicial District Court entered a judgment
of bond forfeiture and issued a citation to petitioner and Mr. Cheffo (as surety).
(D.E. 1, at 17-18).

On May 19, 2006, petitioner pleaded guilty to all three counts pursuant to a
plea agreement.  GPP at 13; <u>see</u> <u>also</u> (D.E. 20) (plea transcript).[6]  In exchange for
pleading guilty and waiving his right to appeal, <u>id.</u> at 25, petitioner's term of
incarceration was limited to a maximum of 15 years.  <u>Id.</u> at 16; SHA at 18, 24.  On
June 24, 2006, the 36th Judicial District Court sentenced petitioner to two ten-year
terms on the cocaine and MDMA charges, and a two-year term for the marihuana.

---

[5] This document's full title is "Supplemental Record to Include Affidavits and Findings
of Fact and Conclusions of Law Signed on May 7, 2007" and will be abbreviated as "Supp."

[6] The plea transcript in cause No. S-06-3078-CR will be abbreviated as "Plea Tr."

SHA at 2; see also (D.E. 20) (sentencing transcript).[7]  Mr. Cheffo did not attend

sentencing; his associate, Dylan George, was present for petitioner instead.  Supp.

at 2.

On February 21, 2007, petitioner filed a state habeas application.  SHA at 6.

He alleged that his guilty plea was not given knowingly and voluntarily because

counsel erroneously assured him that he would receive a probated sentence.  Id. at

11.  He also alleged that counsel was ineffective for giving the erroneous advice

and for failing to investigate the facts of his case.  Id.  On May 9, 2007, the Texas

Court of Criminal Appeals remanded the application to the trial court for additional

findings in an unpublished order.  Ex Parte Garcia, No. WR-67,424-01; (D.E. 1, at

19-21).  The trial court obtained affidavits from Mr. Cheffo, Mr. George, and Mr.

Garcia.  Supp. at cover.

On May 7, 2007, the trial judge returned the following findings of fact and

conclusions of law:

> Applicant was properly and thoroughly admonished by
> the court regarding the voluntariness of this plea.
> Applicant read and understood all the court's
> admonishments.
> Applicant voluntarily waived his rights.
> Trial Counsel did receive discovery.

---

[7] The sentencing transcript in cause No. S-06-3078-CR will be abbreviated as
"Sentencing Tr."

> Trial Counsel did not guarantee Applicant would receive
> probation.
> Trial Counsel did explain the plea bargain to Applicant.
> Trial Counsel advocated as well as he could for applicant
> considering the facts of the case.
> Trial Counsel was reasonably effective.
> Applicant made no objection to the proceedings or trial
> counsel's work at the plea or punishment hearing.

Supp. at 30-31.  On June 13, 2007, the Court of Criminal Appeals denied

petitioner's application without written order based on these findings.  SHA at

cover.

### III.  PETITIONER'S ALLEGED GROUNDS FOR RELIEF

Petitioner raises the following grounds for habeas corpus relief:

1) His guilty plea was not given knowingly and voluntarily, because
   counsel failed to adequately explain the law in relation to the facts of
   his case.

2) Mr. Cheffo rendered constitutionally ineffective assistance when he

   (a) did not become familiar with the facts of petitioner's case;

   (b) assured petitioner that he would be sentenced to probation if he
       pleaded guilty;

   (c) was on disciplinary probation with the Texas Bar when he
       represented petitioner, and subsequently resigned his license to
       practice law in lieu of discipline; and

6

      (d)    did not request adjudication community supervision.[8]

  3)    Mr. George rendered constitutionally ineffective assistance when he

      (a)    assured petitioner that he would be sentenced to probation if he

            pleaded guilty; and

      (b)    did not request "shock probation" after sentencing, as the court

            requested he do.[9]

  4)    Petitioner's state habeas proceedings were unconstitutional because

      his application was denied without a written order or hearing, and

      because the trial court did not comply with the Court of Criminal

      Appeals' fact-finding order.

  5)    The Texas Court of Criminal Appeals included an incorrect citation in

      its order to the trial court.

(D.E. 1 at 7-14).

## IV.  EXHAUSTED AND PROCEDURALLY DEFAULTED CLAIMS

    A federal writ of habeas corpus from an inmate in state custody shall not be

granted unless: 1) the inmate has exhausted his legal remedies in the state courts;

---

[8] Adjudication community supervision is more commonly known as deferred adjudication.  See Tex. Code. Crim. Proc., art. 42.12, § 5.

[9] "Shock probation" is formally known as continuing jurisdiction community supervision. See Tex. Code. Crim. Proc., art. 42.12, § 6.

2) state corrective processes are absent; or 3) circumstances render such processes insufficient to protect the individual's rights.  28 U.S.C. § 2254(b)(1).  The exhaustion requirement is satisfied when the substance of each claim has been fairly presented to the highest court of the state.  O'Sullivan v. Boerckel, 526 U.S. 838, 842 (1999); Fisher v. Texas, 169 F.3d 295, 302 (5th Cir. 1999) (citation omitted).  In Texas, exhaustion may take one of two paths: (1) the petitioner may file a direct appeal followed, if necessary, by a petition for discretionary review in the Texas Court of Criminal Appeals, or (2) the petitioner may file a petition for state writ of habeas corpus.  Myers v. Collins, 919 F.2d 1074, 1076 (5th Cir. 1990) (citing Richardson v. Procunier, 762 F.2d 429, 431-32 (5th Cir. 1985)).

Respondent asserts that petitioner's claim that Mr. Cheffo failed to request adjudication community supervision, as well as his claim that Mr. George failed to request shock probation after petitioner's sentencing, is unexhausted because they were not presented in petitioner's application for state habeas.  (D.E. 18, at 3-4).  Indeed, petitioner's state application does not mention any claims related to counsel's failure to request community supervision, or shock probation.[10]  SHA at

---

[10] In a complaint to the State Bar of Texas dated August 6, 2006, petitioner's wife mentions that Mr. Cheffo was "still to this date to represent my husband for possible shock probation and I know he won't...."  Supp. at 20.  Although this document was part of the record on state habeas review, it was dated August 7, 2006 - prior to the expiration of petitioner's time to file for shock probation.  Moreover, although a petitioner may exhaust a claim by fairly presenting it to the trial court in filings other than a petition, see Coleman v. Dretke, 395 F.3d

7-8.  Accordingly, it is respectfully recommended that petitioner has not exhausted these claims.

The Fifth Circuit has explained that when "a prisoner fails to exhaust available state remedies and 'the court to which the petitioner would be required to present his claims in order to meet the exhaustion requirement would now find the claims procedurally barred,'" the claims are procedurally defaulted.  Nobles v. Johnson, 127 F.3d 409, 420 (5th Cir. 1997) (quoting Coleman v. Thompson, 501 U.S. 722, 735 n.1 (1991)).  However, if a petitioner carries his burden of showing that the procedural bar is not strictly or regularly followed, procedural default does not apply.  See Emery v. Johnson, 139 F.3d 191, 195 (5th Cir. 1997); Stokes v. Anderson, 123 F.3d 858, 860 (5th Cir. 1997).

Since 1994, the Texas Court of Criminal Appeals has applied a strict abuse-of-the-writ doctrine that bars successive applications, tempered only by an exception for cause.  See Ex parte Barber, 879 S.W.2d 889, 891 n.1 (Tex. Crim. App. 1994) (en banc) (the court announced that it would as a "rule" dismiss as abuse of the writ "an applicant for a subsequent writ of habeas corpus rais[ing] issues that existed at the time of his first writ"); see also Hughes v. Dretke, 412

_____

216, 220 (5th Cir. 2004), this passing reference in a document not prepared by petitioner does not suffice.

9

F.3d 582, 595-96 (5th Cir. 2005) (claims not exhausted in Texas courts are procedurally barred because of abuse of the writ doctrine); Fearance v. Scott, 56 F.3d 633, 643 (5th Cir. 1995) (Barber establishes that Texas courts regularly and strictly apply the rules against successive petitions).  Moreover, Texas law prohibits courts from considering the merits of successive petitions unless the factual or legal basis of the claim was unavailable, or no reasonable juror could have found the applicant guilty beyond a reasonable doubt but for a violation of the United States Constitution.  Tex. Code Crim. Proc., art. 11.07, § 4.  Therefore, petitioner's unexhausted claims are procedurally defaulted unless an exception applies.

　　　　Habeas relief may be granted on procedurally defaulted claims if a petitioner "can demonstrate cause for the defaults and actual prejudice" as a result of the alleged violation of federal law, or else "show that 'failure to consider the claims will result in a fundamental miscarriage of justice.'"  Morris v. Dretke, 413 F.3d 484, 491-92 (5th Cir. 2005) (citations omitted); accord Moawad v. Anderson, 143 F.3d 942, 947 (5th Cir. 1998) (citation omitted).  "The fundamental miscarriage of justice exception ... is limited to cases where the petitioner can make a persuasive showing that he is actually innocent of the charges against him."  Finley v. Johnson, 243 F.3d 215, 220 (5th Cir. 2001) (citing Coleman, 501 U.S. at 750).  "To

establish the requisite probability that he was actually innocent, the petitioner must support his allegations with new, reliable evidence that was not presented at trial and show that it was 'more likely than not that no reasonable juror would have convicted him in light of the new evidence.'" Id. at 221 (quoting Fairman v. Anderson, 188 F.3d 635, 644 (5th Cir. 1999)); see also Schlup v. Delo, 513 U.S. 298, 329 (1995). Petitioner has offered neither good cause for his default nor new evidence of actual innocence. Accordingly, it is respectfully recommended that petitioner's unexhausted claims are both procedurally defaulted.

## V. STANDARD OF REVIEW

### A.      Motion For Summary Judgment Standard Of Review.

Rule 56 of the Federal Rules of Civil Procedure applies to federal habeas corpus cases. Clark v. Johnson, 202 F.3d 760, 764 (5th Cir. 2000). Summary judgment is appropriate when there is no disputed issue of material fact, and one party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). Courts must consider the record as a whole, considering all pleadings, depositions, affidavits, and admissions on file in the light most favorable to the non-movant. Caboni v. Gen. Motors Corp., 278 F.3d 448, 451 (5th Cir. 2002).

The party seeking summary judgment bears the initial burden of informing the court of the basis for its motion and identifying those portions of the pleadings,

depositions, answers to interrogatories, admissions on file, and affidavits, if any, which it believes demonstrate the absence of a genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986); Williams v. Adams, 836 F.2d 958, 960 (5th Cir. 1988).  Any controverted evidence must be viewed in the light most favorable to the non-movant, and all reasonable doubts must be resolved against the moving party.  Lujan v. Nat'l Wildlife Fed'n, 497 U.S. 871, 888 (1990).

If the moving party makes the required showing, then the burden shifts to the non-movant to show that a genuine issue of material fact remains for trial. Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 585-87 (1986); Fields v. City of S. Houston, 922 F.2d 1183, 1187 (5th Cir. 1991).  The non-movant cannot merely rest on the allegations of the pleadings, but must establish that material controverted facts preclude summary judgment.  Fed. R. Civ. P. 56(e); Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248-49 (1986).  Summary judgment is proper if the non-movant fails to make a showing sufficient to establish the existence of an element essential to his case on which he bears the burden of proof.  Celotex, 477 U.S. at 322-23; ContiCommodity Servs., Inc. v. Ragan, 63 F.3d 438, 441 (5th Cir. 1995).

**B.      Federal Habeas Corpus Standard Of Review Pursuant To The AEDPA.**

A federal writ of habeas corpus is available to a state prisoner only if he is

being held in violation of the Constitution, laws, or treaties of the United States.

Boyd v. Scott, 45 F.3d 876, 881 (5th Cir. 1994) (per curiam) (citation omitted).

Pursuant to the Antiterrorism and Effective Death Penalty Act of 1996

("AEDPA"), courts may not grant habeas relief unless a petitioner demonstrates

that the state court's decision was "contrary to, or involved an unreasonable

application, of clearly established federal law" or was "based on an unreasonable

determination of the facts."  28 U.S.C. § 2254(d).  Thus, "federal habeas relief is

only merited where the state court decision is both incorrect and objectively

unreasonable."  Morrow v. Dretke, 367 F.3d 309, 313 (5th Cir. 2004) (emphasis in

original) (citing Williams v. Taylor, 529 U.S. 362, 411 (2000)); see also Riddle v.

Cockrell, 288 F.3d 713, 716 (5th Cir. 2002).  The AEDPA's provisions "ensure

that state-court convictions are given effect to the extent possible under law."  Bell

v. Cone, 535 U.S. 685, 693 (2002) (citation omitted).

The Supreme Court has concluded that the "contrary to" and "unreasonable

application" clauses of 28 U.S.C. § 2254(d)(1) have independent meanings.  Id. at

694 (citing Williams, 529 U.S. at 404-05).  The Court explained:

> A federal court may issue the writ under the "contrary to"
> clause if the state court applies a rule different from the

> governing law set forth in our cases, or if it decides a case differently than we have done on a set of materially indistinguishable facts.  The court may grant relief under the "unreasonable application" clause if the state court correctly identifies the governing legal principles but unreasonably applies it to the facts of the particular case.  The focus of the latter inquiry is on whether the state court's application of clearly established federal law is objectively unreasonable, and we stressed in *Williams* that an unreasonable application is different from an incorrect one.

Id. (citations omitted).

The Fifth Circuit has explained that the "contrary to" clause applies where a "state court arrives at a conclusion opposite to that reached by [the Supreme Court] on a question of law or if the state court decides a case differently than [the Supreme] Court on a set of materially indistinguishable facts."  Hill v. Johnson, 210 F.3d 481, 485 (5th Cir. 2000) (citation omitted).  The Fifth Circuit has further determined that "§ 2254(d) permits a federal habeas court 'to review only a state court's 'decision,' and not the written order explaining that decision.'"  St. Aubin v. Quarterman, 470 F.3d 1096, 1100 (5th Cir. 2006) (citing Neal v. Puckett, 286 F.3d 230, 246 (5th Cir. 2002) (en banc) (per curiam)); accord Anderson v. Johnson, 338 F.3d 382, 390 (5th Cir. 2003).  The state court's "ultimate decision" is to be tested for reasonableness, "not every jot of its reasoning."  Santellan v. Cockrell, 271 F.3d 190, 193 (5th Cir. 2001).  Furthermore, a state court need not

14

cite, or "even be aware of [Supreme Court] precedents, 'so long as neither the reasoning nor the result of the state-court decision contradicts them.'"  <u>Mitchell v. Esparza</u>, 540 U.S. 12, 16 (2003) (quoting <u>Early v. Packer</u>, 537 U.S. 3, 8 (2002)).

Absent a direct conflict with Supreme Court authority, habeas relief is available if a state court decision is objectively unreasonable.  <u>Montoya v. Johnson</u>, 226 F.3d 399, 404 (5th Cir. 2000).  A federal district court "must reverse when [it] conclude[s] that the state court decision applies the correct legal rule to a given set of facts in a manner that is so patently incorrect as to be 'unreasonable.'"  <u>Gardner v. Johnson</u>, 247 F.3d 551, 560 (5th Cir. 2001).  As with the "contrary to" test, the focus of the "unreasonable application" test is "on the ultimate legal conclusion that the state court reached and not on whether the state court considered and discussed every angle of evidence."  <u>Neal</u>, 286 F.3d at 246.

Finally, "[t]he AEDPA requires that [the Court] presume correct the state court's findings of fact unless the petitioner 'rebut[s] the presumption of correctness by clear and convincing evidence.'"  <u>Morrow</u>, 367 F.3d at 315 (quoting 28 U.S.C. § 2254(e)(1)).  The presumption of correctness is also accorded to adjudications made during state post-conviction proceedings.  <u>Id.</u>  The burden to rebut the presumption of correctness remains on petitioner even if the state "hearing was a 'paper' hearing and may not have been full or fair."  <u>Id.</u> (citing

Valdez v. Cockrell, 274 F.3d 941, 950-51 (5th Cir. 2001)).  In some circumstances, findings of fact may be implied from conclusions of law.  See Valdez, 274 F.3d at 948 n.11 ("The presumption of correctness not only applies to explicit findings of fact, but it also applies to those unarticulated findings which are necessary to the state court's conclusions of mixed law and fact.") (citations omitted); Goodwin v. Johnson, 132 F.3d 162, 183-84 (5th Cir. 1997).

## VI.  DISCUSSION

### A.    AEDPA's Deference Applies To The State Court's Denial Of Petitioner's Claims.

AEDPA's deferential standard of review applies only to claims adjudicated on the merits.  28 U.S.C. § 2254(d).  All of petitioner's exhausted claims were raised in his state habeas corpus application.  See SHA at 7-8.  The Texas Court of Criminal Appeals denied his application without written order.  SHA at cover.  A denial without a written order is an adjudication on the merits, even though the state court has not explained its reasoning.  See Jackson v. Johnson, 150 F.3d 520, 524 (5th Cir. 1998) ("the denial of relief serves, under Texas law, to dispose of the merits of the claim") (citing Ex parte Torres, 943 S.W.2d 469, 472 (Tex. Crim. App. 1997) (holding that "denial" signifies an adjudication on the merits, while "dismissal" means the court has declined to consider the claim)); see also Neal, 286 F.3d at 235 (in the context of federal habeas proceedings, "adjudication 'on the

16

merits' is a term of art that refers to whether a court's disposition of the case was substantive") (citation omitted).  Thus, petitioner is not entitled to federal habeas relief unless he can demonstrate that the state court's decision was "contrary to, or involved an unreasonable application, of clearly established federal law" or was "based on an unreasonable determination of the facts."  28 U.S.C. § 2254(d).

**B.      Analysis Of A Habeas Claim Pursuant To <u>Strickland v. Washington</u>.**

The Fifth Circuit has determined that "under AEDPA a state court decision rejecting a *Strickland* claim must be accepted unless it was an unreasonable application of its teaching."  <u>Granados v. Quarterman</u>, 455 F.3d 529, 534 (5th Cir.), <u>cert.</u> <u>denied</u>, 127 S. Ct. 732 (2006).  To prevail on a claim of ineffective assistance of counsel, a state prisoner seeking federal habeas corpus relief bears the burden of showing that: (1) counsel's performance was deficient, and (2) the deficient performance resulted in actual prejudice.  <u>Strickland v. Washington</u>, 466 U.S. 668, 687 (1984).  In order to show counsel's performance was deficient, petitioner must show that "counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment."  <u>Id.</u>  He must demonstrate that counsel's representation fell below an objective standard of reasonableness as measured by prevailing professional standards.  <u>See</u> <u>Little v. Johnson</u>, 162 F.3d 855, 860 (5th Cir. 1998).

17

Counsel's challenged conduct should be evaluated from the perspective of counsel at the time the conduct occurred.  Strickland, 466 U.S. at 690.  Due to the difficulties inherent in engaging in this analysis without being tainted by "the distorting effects of hindsight," a court's review should be highly deferential to counsel.  Id. at 689.  The reviewing court must give great deference to counsel's performance, strongly presuming that counsel has exercised reasonable professional judgment.  Id. at 690; see also Romero v. Lynaugh, 884 F.2d 871, 876 (5th Cir. 1989) (there is a strong presumption that counsel's conduct falls within a wide range of reasonable professional assistance).

The Fifth Circuit has explained that due to "the almost infinite variety of possible trial techniques and tactics available to counsel, this Circuit is careful not to second guess legitimate strategic choices."  Yohey v. Collins, 985 F.2d 222, 228 (5th Cir. 1993).  In addition, "[a] conscious and informed decision on trial tactics and strategy cannot be the basis for constitutionally ineffective assistance of counsel unless it is so ill chosen that it permeates the entire trial with obvious unfairness."  Johnson v. Dretke, 394 F.3d 332, 337 (5th Cir. 2004) (citations omitted); accord United States v. Jones, 287 F.3d 325, 331 (5th Cir. 2002) (citations omitted).  However, a reviewing court need not consider the deficiency prong if the court concludes that petitioner has failed to show actual prejudice.

18

Strickland, 466 U.S. at 697; Amos v. Scott, 61 F.3d 333, 348 (5th Cir. 1995).

Under the second prong of the Strickland two-part test, petitioner may not simply allege, but must affirmatively prove actual prejudice, resulting from the ineffective assistance of counsel. Strickland, 466 U.S. at 693. Thus, he must affirmatively show that his counsel's actions deprived him of a fair trial. See Czere v. Butler, 833 F.2d 59, 63-64 (5th Cir. 1987). Prejudice results when "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceedings would have been different." Strickland, 466 U.S. at 694; see also Lockhart v. Fretwell, 506 U.S. 364, 372 (1993) (habeas petitioner must show that the trial result was unreliable, or the proceeding was fundamentally unfair due to counsel's deficient performance).

In the context of state prison sentences, prejudice occurs when there is a reasonable probability that the sentence would have been "*significantly* less harsh" but for trial counsel's errors. Ward v. Dretke, 420 F.3d 479, 498 (5th Cir. 2005) (emphasis in original) (quoting Spriggs v. Collins, 993 F.2d 85, 88 (5th Cir. 1993) (per curiam)). This rule is necessary "[i]n order to avoid turning Strickland into an automatic rule of reversal in the non-capital sentencing context." Spriggs, 993 F.2d at 88. Significance is determined with reference to "'such factors as the defendant's actual sentence, the potential minimum and maximum sentences that

19

could have been received, the placement of the actual sentence within the range of

potential sentences, and any relevant mitigating or aggravating circumstances.'"

Ward, 420 F.3d at 498 (quoting United States v. Segler, 37 F.3d 1131, 1136 (5th

Cir. 1994)).

　　Petitioner has the burden of proof under the Strickland test.  See Carter v.

Johnson, 131 F.3d 452, 463 (5th Cir. 1997) (holding burden of proof is on

petitioner in a federal habeas proceeding).  He must establish "actual prejudice as a

result of his counsel's ineffectiveness."  Moody v. Johnson, 139 F.3d 477, 482 (5th

Cir. 1998) (citations omitted).  In addition, conclusory allegations of ineffective

assistance of counsel do not give rise to a constitutional claim for federal habeas

relief.  Collier v. Cockrell, 300 F.3d 577, 587 (5th Cir. 2002) (citations omitted);

see also Miller v. Johnson, 200 F.3d 274, 282 (5th Cir. 2000) ("Because

[petitioner] failed to set forth the nature of *any* of the errors trial counsel

purportedly failed to preserve and did not assert any resulting prejudice, the district

court properly determined that these three claims of ineffective assistance were

conclusory.").  The Fifth Circuit has further held that "'[i]n the absence of a

specific showing of how these alleged errors and omissions were constitutionally

deficient, and how they prejudiced [petitioner], ... we [can find] no merit to these

claims.'"  Miller, 200 F.3d at 282 (quoting Barnard v. Collins, 958 F.2d 634, 642

(5th Cir. 1992)).

In order to prove that he is entitled to federal habeas relief due to ineffective assistance of counsel, petitioner must overcome the presumption of correctness to which the state court's findings are entitled.  See Schaetzle v. Cockrell, 343 F.3d 440, 444 (5th Cir. 2003) ("It bears repeating that the test for federal habeas purposes is *not* whether [petitioner made a showing under *Strickland*, but] ... whether the state court's decision-that [the petitioner] did *not* make the *Strickland*-showing-was contrary to, or an unreasonable application of, the standards, provided by clearly established federal law (*Strickland*), for succeeding on his IAC claim.").

## C.     Federal Courts Must Respect The Trial Court's Findings Of Fact.

Pursuant to AEDPA, federal courts are bound by a state court's factual determination unless the decision below "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding."  28 U.S.C. § 2254(d)(2) (emphasis added).  Moreover, a federal court must presume that a state court's factual findings are true unless a petitioner rebuts the presumption with clear and convincing evidence.  28 U.S.C. § 2254(e)(1); see also Clark v. Johnson, 202 F.3d 760, 764 (5th Cir. 2000) (presumption of correctness "is especially strong when the state habeas court and the trial court are

21

one in the same") (citations omitted).  The Fifth Circuit has explained that "a federal habeas court is prohibited from substituting its credibility rulings for those by the state court simply because the district court disagrees with them."  <u>Guidry v. Dretke</u>, 397 F.3d 306, 319 (5th Cir. 2005) (citations omitted).

The trial court made specific findings of fact on remand.  Supp. at 30-31. The findings are supported by affidavits from petitioner's trial counsel.  <u>Id.</u> at 2-3, 28-29.  The Court of Criminal Appeals adopted the trial court's findings when petitioner's state application was "denied without written opinion on the findings of the trial court."  SHA at cover; <u>see also</u> <u>Rose v. Johnson</u>, 141 F. Supp.2d 661, 687 (S.D. Tex. 2001) ("The Texas Court of Criminal Appeals explicitly adopted [the trial court's] findings when it denied [petitioner's] state habeas application without written order on the findings of the trial court."); <u>Childress v. Johnson</u>, 103 F.3d 1221, 1225-26 (5th Cir. 1997) (applying AEDPA deference to trial court's findings of fact where they were "undisturbed by the state appellate courts").

Petitioner has not shown by clear and convincing evidence that those findings were incorrect.  Indeed, aside from his own allegations he does not adduce any evidence or argument that the trial court's factual findings were erroneous. Such conclusory assertions cannot serve as the basis for habeas relief. <u>See</u> <u>Collier</u>, 300 F.3d at 587; <u>Miller</u>, 200 F.3d at 282.

22

**D.    Petitioner Has Not Shown That He Is Entitled To Habeas Relief Pursuant To AEDPA.**

**1.    Petitioner's Claim that his Guilty Plea Was Not Knowing and Voluntary.**

Petitioner claims that his conviction was unlawful because his plea was not given knowingly and voluntarily.  The Supreme Court has explained that "[a] guilty plea operates as a waiver of important rights, and is valid only if done voluntarily, knowingly, and intelligently, 'with sufficient awareness of the relevant circumstances and likely consequences.'"  Bradshaw v. Stumpf, 545 U.S. 175, 182 (2005) (quoting Brady v. United States, 397 U.S. 742, 748 (1970)).  "Where a defendant pleads guilty to a crime without having been informed of the crime's elements, this standard is not met and the plea is invalid."  Id. (citing Henderson v. Morgan, 426 U.S. 637, 647 (1976)).  The Fifth Circuit has elaborated that

> The critical issue in determining whether a plea was voluntary and intelligent is "whether the defendant understood the nature and substance of the charges against him, and not necessarily whether he understood their technical effect."  If the record shows the defendant "understood the charge and its consequences," this Court will uphold a guilty plea as voluntary even if the trial judge failed to explain the offense.

James v. Cain, 56 F.3d 662, 666 (5th Cir. 1995) (citations omitted).  "A guilty plea is invalid if the defendant ... has such an incomplete understanding of the charges against him that his plea cannot stand as an admission of guilt."  Id. (citing

23

Henderson, 425 U.S. at 645 n.13).  In non-capital cases, "consequences of a guilty plea, with respect to sentencing, mean only that the defendant must know the maximum prison term and fine for the offense charged."  Ables v. Scott, 73 F.3d 591, 592 n.2 (1996) (per curiam) (citing United States v. Rivera, 898 F.2d 442, 447 (5th Cir. 1990)).  If a habeas petitioner is properly admonished by the trial court, he understands the consequences of his plea even where both his own counsel and the prosecutor state that he will be sentenced to a lesser penalty than he receives. United States v. Gracia, 983 F.2d 625, 629 (5th Cir. 1993) (where petitioner pleaded guilty after counsel and prosecutor stated he would receive a ten-year sentence, imposition of fifteen-year sentence did not invalidate plea because trial court had properly advised him of the maximum sentence before accepting plea).

Petitioner was indicted for "intentionally or knowingly possess[ing], with intent to deliver," controlled substances.  SHA at 15.  He signed a stipulation that he had intentionally or knowingly possessed, with intent to deliver, controlled substances.  GPP at 2.  The record does not indicate that the formal elements of possession were explained to petitioner by the court or counsel.  However, "possession" as used in the definition of the offense is close in meaning to its

ordinary use.[11]  If petitioner had possessed the drugs in the ordinary sense when he was stopped, he would also have possessed them in the legal sense.  Similarly, "delivery" as used in the statute encompasses the ordinary sense of the word.[12] There is no non-obvious element to the charges as applied to petitioner.  Thus, the titles of the offenses to which petitioner pleaded guilty adequately informed him of the charges against him, and he did not have an incomplete understanding of the charges.

The trial court's findings of fact also indicate that petitioner understood the consequences of his plea.  The court found that petitioner read and understood all the court's admonishments, and that trial counsel did <u>not</u> guarantee that petitioner would receive probation.  Supp. at 30-31.  The admonishments attached to petitioner's plea documents explain the possible sentence and fine for first degree felonies and state jail felonies.  GPP at 19-23.  Petitioner acknowledged in court that he read them.  Plea Tr. at 8.  They further informed petitioner that his plea must be given voluntarily, without coercion.  GPP at 14.  Petitioner testified that he

---

[11] In Texas, "possession" requires that defendant "exercised control, management, or care over the substance," and "knew the matter possessed was contraband."  <u>Poindexter v. State</u>, 153 S.W.3d. 402, 405 (Tex. Crim. App. 2005) (citations omitted).  "Possession" is ordinarily defined as "control or occupancy of property without regard to ownership."  Miriam-Webster's Collegiate Dictionary 906 (10th ed. 2001).

[12] Delivery includes actual or constructive transfer, as well as offers to sell.  <u>See</u> <u>Sims v. State</u>, 82 S.W.3d 730, 732 (Tex. App. 2002) (citations omitted).

understood the warnings and still wanted to plead guilty.  Plea Tr. at 9.  Finally, he swore that "I understand the admonishments given to me in writing by the Court, I know the range of punishment applicable in the case, and I am aware of the consequences of my entering a plea of guilty in this case."  GPP at 17; Plea Tr. at 10-11.  Petitioner has not shown that the state court's decision was erroneous or unreasonable.  Accordingly, it is respectfully recommended that this claim be denied.

### 2.    Petitioner's Claim that Mr. Cheffo Rendered Ineffective Assistance of Counsel.

#### a.    Petitioner's claim that Mr. Cheffo was unfamiliar with the facts of his case.

Petitioner next claims that Mr. Cheffo failed to discuss his case with him, or to adequately prepare for the plea proceedings.  (D.E. 1, at 7-9).  This claim is not cognizable on federal habeas review.  The Supreme Court has explained that a criminal defendant who pleads guilty is limited in the types of challenges he may bring against his conviction:

> [A] guilty plea represents a break in the chain of events which has preceded it in the criminal process.  <u>When a criminal defendant has solemnly admitted in open court that he is in fact guilty of the offense with which he is charged, he may not thereafter raise independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea.</u>  He may only attack the voluntary and intelligent character of the

> guilty plea by showing that the advice he received from
> counsel was not within the standards set forth in
> [McMann v. Richardson, 397 U.S. 759 (1970)].

Tollett v. Henderson, 411 U.S. 258, 267 (1973) (emphasis added); accord Hill v.

Lockhart, 474 U.S. 52, 56-57 (1985) ("[A] defendant who pleads guilty 'may only

attack the voluntary and intelligent character of the guilty plea....'") (quoting

Tollett, 411 U.S. at 267).

Furthermore, the Fifth Circuit has specifically refused to allow habeas

petitioners who voluntarily pleaded guilty to challenge ineffective assistance of

counsel that is unrelated to the voluntariness of the plea. Smith v. Estelle, 711 F.2d

677, 682 (5th Cir. 1983) (refusing ineffective assistance claims unrelated to the

validity of the plea, explaining that "once a guilty plea has been entered, all

nonjurisdictional defects in the proceedings against a defendant are waived")

(citation omitted). The Smith court explained that "*except* insofar as the alleged

ineffectiveness [of counsel] relates to the voluntariness of the giving of the guilty

plea," a habeas petitioner may not attack the ineffectiveness of his counsel. Id.

(citations omitted) (emphasis in original).

This claim does not relate to the voluntariness of petitioner's guilty plea.

Therefore, it is respectfully recommended that petitioner's guilty plea waives this

claim for federal habeas corpus relief.

### b. Petitioner's claim that counsel assured him that he would be sentenced to probation if he pleaded guilty.

Petitioner claims that Mr. Cheffo told him that if he accepted the plea bargain, then he would only receive probation. (D.E. 1, at 7, 9). The trial court found that petitioner's counsel did not assure him that he would receive probation. Supp. at 31. During his plea hearing, a maximum sentence of fifteen years was discussed. Plea Tr. at 10-11. The habeas court's finding is further supported by affidavits from petitioner's trial counsel. Supp. at 2-3, 28-29.[13] The Court of Criminal Appeals adopted the trial court's findings when petitioner's state application was "denied without written opinion on the findings of the trial court." SHA at cover; see also Rose, 141 F. Supp.2d at 687; Childress, 103 F.3d at 1225-26.

Petitioner merely alleges that the trial court's finding was erroneous; he does

---

[13] It is difficult to argue that Mr. Cheffo was a good attorney. See In the Matter of Joseph A. Cheffo, Misc. Docket No. 06-9134 (Tex. Sept. 22, 2006) (unpublished order). There were numerous complaints that he made misrepresentations to both courts and clients. Disciplinary Actions, 69 Tex. B.J. 1084, 1085-86 (Dec. 2006). Additionally, there are several complaints that he failed to communicate with his clients, failed to appear at hearings, and failed to file documents and pleadings. Id. Indeed, this Court found ample evidence to support a finding that Mr. Cheffo's representation of a federal criminal defendant was deficient under the Strickland standard. United States v. Burton, CR No. C-03-258(1), 2006 WL 3499510, at *8 (S.D. Tex. Dec. 5, 2006). Those deficiencies "include the failure to post a bond for Burton despite taking funds from his family to do so, the failure of Cheffo to inform Burton that he would not be representing him or to offer him a choice of counsel, the depositing of Burton's client funds into Cheffo's firm operating account, [and his] apparent lack of investigation." Id. Although this information was available prior to petitioner's state habeas application, it was not presented to the state habeas court. See 28 U.S.C. § 2254(d)(2).

not adduce any evidence in support.  Such conclusory assertions cannot serve

as the basis for habeas relief.  See Collier, 300 F.3d at 587; Miller, 200 F.3d at 282.

Accordingly, it respectfully recommended that this claim be denied.

> **c.    Petitioner's claim that counsel was suspended when he represented him**.

Petitioner claims that Mr. Cheffo was ineffective because the Texas State

Bar took disciplinary action against him.  (D.E. 1, at 9).  On February 18, 2005, the

Texas State Bar placed Mr. Cheffo on fully probated suspension for two years. Id.

at 25; see also Disciplinary Actions, 68 Tex. B.J. 532, 533 (June 2005).  On August

16, 2006, he was suspended for one year.  (D.E. 1, at 25); see also 69 Tex. B.J. at

1086.  On September 22, 2006, he resigned his license to practice law, in lieu of

further discipline.  69 Tex. B.J. at 1085; see also In the Matter of Joseph A. Cheffo,

Misc. Docket No. 06-9134.

The Fifth Circuit does not recognize per se ineffectiveness when counsel is

suspended by the state bar; probation could not logically be grounds for a finding

of ineffectiveness.  See United States v. Maria-Martinez, 143 F.3d 914, 916-17

(5th Cir. 1998).  Petitioner does not attempt to show, and the record does not

indicate, that he was prejudiced by Mr. Cheffo's probated suspension.

Furthermore, the 2005 suspension is not relevant to the issue of effectiveness

because Mr. Cheffo was placed on probation for violating advertising regulations,

29

not for incompetence.  See 68 Tex. B.J. at 533.  Finally, this claim does not relate to the voluntariness of petitioner's guilty plea.  Accordingly, it is respectfully recommended that petitioner's claim be denied.

> **d.    Petitioner's claim that counsel did not request deferred adjudication.**

Petitioner claims that counsel was constitutionally ineffective for not requesting deferred adjudication of his guilty plea.  This claim is reviewed de novo because Texas courts have never adjudicated its merits.  See 28 U.S.C. § 2254(d). Pursuant to Texas law, a judge may defer proceedings without entering judgment after receiving a guilty plea.  Tex. Code. Crim. Proc., art. 42.12, § 5(a).  The defendant is then subject to a period of community supervision.  Id.  When a court defers adjudication, it does not sentence a defendant unless he violates the terms of his community supervision.  Id. at § 5(b).

The plea agreement does not explicitly address deferred adjudication. However, at the plea hearing, the judge acknowledged that petitioner was "going to be making an application for community supervision."  Plea Tr. 11.  At his sentencing, the judge rejected that application after issuing the sentence. Sentencing Tr. 7 ("Today I'm not granting your application for community supervision.").  Thus, the trial court considered and rejected community supervision.  It is therefore respectfully recommended that this claim be denied

30

because it is factually unsupported.

> ### 3. Petitioner's Claim that Mr. George Rendered Ineffective Assistance of Counsel.
>
> > #### a. Petitioner's claim that counsel assured him that he would be sentenced to probation if he pleaded guilty.

The trial court found that petitioner's counsel did not assure him that he would receive probation.  Supp. at 31.  This finding is supported by affidavits from petitioner's trial counsel.  Id. at 2-3, 28-29.  Furthermore, during his plea hearing, the court discussed that petitioner could be sentenced to a maximum of fifteen years.  Plea Tr. at 10-11.  The Court of Criminal Appeals adopted the trial court's findings when petitioner's state application was "denied without written opinion on the findings of the trial court."  SHA at cover; see also Rose, 141 F. Supp.2d at 687, Childress, 103 F.3d at 1225-26.

Petitioner merely alleges that the trial court's finding was erroneous; he does not adduce any evidence in support.  Such conclusory assertions cannot serve as the basis for habeas relief.  Accordingly, it is respectfully recommended that this claim be denied.

> > #### b. Petitioner's claim that counsel did not request shock probation.

Petitioner claims that counsel was ineffective for failing to request shock probation.  (D.E. 1, at 8).  This claim is subject to de novo review because Texas

courts have never ruled on its merits.

Pursuant to Texas law, the sentencing court retains jurisdiction over the case for 180 days after a term of incarceration begins.  Tex. Code Crim. Proc., art. 42.12, § 6(a).  While the court retains jurisdiction, the defendant can be placed on community supervision based on the defendant's motion, or a motion by the court. Id.

The Fifth Circuit does not appear to have directly addressed a claim similar to petitioner's.  Pursuant to Strickland, petitioner must demonstrate both deficient performance and prejudice as a result.  466 U.S. at 687.  If petitioner's counsels promised to file for shock probation and failed to do so, their performance certainly would have been deficient.  Such failure to file could not be taken as part of any considered strategy.  See Jones, 287 F.3d at 331.  Prejudice at a non-capital sentencing in Texas occurs when there is a reasonable probability that the sentence would have been "significantly less harsh" but for trial counsel's errors.  Ward, 420 F.3d at 498 n.55.  Probation is certainly significantly less harsh than incarceration.

Furthermore, the record indicates that this matter was within the scope of counsel's representation.  According to petitioner, the sentencing "judge told

[petitioner] and Dylan George to apply for shock probation." (D.E. 1, at 9).[14]

However, Mr. George and Mr. Cheffo failed to file for shock probation. On June

24, 2006, petitioner was sentenced, which means he had until Tuesday, December

26, 2006 to petition for shock probation. By that time, Mr. Cheffo was no longer

permitted to practice law, and it is unclear what Mr. George was doing.

Unfortunately, this Court has not had the benefit of briefing on this issue.

Respondent failed to comply with the order for service of process, which explicitly

directed respondent to file an answer containing "a specific response to each

factual and legal contention with applicable authority."[15] (D.E. 6, at 2).

Accordingly, it is respectfully recommended that, if this claim is not procedurally

defaulted, petitioner be allowed to engage in discovery regarding his assertion that

his attorneys failed to apply for shock probation.

----

[14] Specifically, the judge explained:

> You can visit with your attorney about the possibility of seeking
> and my considering an application for shock community
> supervision after the expiration of 90 days, but before the
> expiration of 180 days from today's date. I may consider it, but I
> may not consider it. I haven't made up my mind.

Sentencing Tr. at 8.

[15] In ignoring the court order, respondent imprudently asserts that "[t]he Director is under
no legal obligation to do Garcia's work for him and analyze these claims absent an attempt by
[petitioner] to meet his burden under the AEDPA." (D.E. 14, at 10).

**4.      Petitioner's Claim that his State Habeas Proceedings were Unconstitutional.**

Petitioner claims that his state habeas proceedings were unconstitutional because his application was denied without written order and because the trial court did not fully comply with the Court of Criminal Appeals' fact-finding order. The Fifth Circuit has explained that "errors in a state habeas proceeding cannot serve as a basis for setting aside a valid original conviction." Nichols v. Scott, 69 F.3d 1255, 1275 (5th Cir. 1995); see also Duff-Smith v. Collins, 973 F.2d 1175, 1182 (5th Cir. 1992) ("infirmities in state habeas proceedings do not constitute grounds for federal habeas relief") (citation omitted).  Accordingly, it is respectfully recommended that petitioner's claim be denied.

**5.      Petitioner's Claim that the Court of Criminal Appeals Included an Incorrect Citation in its Order to the Trial Court.**

Petitioner's final ground for relief is that the Court of Criminal Appeals, in the order requesting the trial court make factual findings relevant to petitioner's ineffective assistance claims, made a citation that "did not coincide with my case." (D.E. 1, at 14).  The order reads "Applicant has alleged facts which, if true, might entitle him to relief.  Strickland v. Washington, 466 U.S. 608 (1984); Ex parte Lemke, 13 S.W.3d 791, 795-96 (Tex. Crim. App. 2000)."  (D.E. 1, at 20). Petitioner objects to the use of Lemke because it does not apply to his involuntary

plea claim.  Id. at 14.  Lemke deals with ineffective assistance of counsel due to an uncommunicated plea bargain.  13 S.W.3d at 795-96.

There is no federal constitutional right to a citation that "runs on all fours" with each of petitioner's claims in a non-dispositive order.  Moreover, petitioner does not advance any theory by which the citation abridged any protected federal constitutional right.  Indeed, the trial court made findings of fact relevant to petitioner's first claim. Supp. at 30-31.  Finally, this claim concerns an infirmity in state habeas, which is not cognizable here.  See Nichols, 69 F.3d at 1275; Duff-Smith, 973 F.2d at 1182.  Accordingly, it is respectfully recommended that petitioner's claim be denied.

## VII.  CERTIFICATE OF APPEALABILITY

An appeal may not be taken to the Fifth Circuit from a final order in a habeas corpus proceeding "unless a circuit justice or judge issues a certificate of appealability."  28 U.S.C. § 2253(c)(1)(A).  Although petitioner has not yet filed a notice of appeal, it is respectfully recommended that this Court nonetheless address whether he would be entitled to a certificate of appealability.  See Alexander v. Johnson, 211 F.3d 895, 898 (5th Cir. 2000) (A district court may sua sponte rule on a certificate of appealability because "the district court that denies a petitioner relief is in the best position to determine whether the petitioner has made a

substantial showing of a denial of a constitutional right on the issues before that court.  Further briefing and argument on the very issues the court has just ruled on would be repetitious.").

A certificate of appealability "may issue ... only if the applicant has made a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  "The COA determination under § 2253(c) requires an overview of the claims in the habeas petition and a general assessment of their merits."  Miller-El v. Cockrell, 537 U.S. 322, 336 (2003).  To warrant a grant of the certificate as to claims denied on their merits, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong."  Slack v. McDaniel, 529 U.S. 473, 484 (2000).  This standard requires a § 2254 petitioner to demonstrate that reasonable jurists could debate whether the motion should have been resolved differently, or that the issues presented deserved encouragement to proceed further.  United States v. Jones, 287 F.3d 325, 329 (5th Cir. 2002) (citing Slack, 529 U.S. at 483).

As to claims district courts reject solely on procedural grounds, a petitioner must show both that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural

ruling." <u>Slack</u>, 529 U.S. at 484 (emphasis added).

Here, it is respectfully recommended that reasonable jurists could not debate the denial of petitioner's § 2254 petition, nor find that the issues presented are adequately meritorious to deserve encouragement to proceed.  Accordingly, it is respectfully recommended that the Court find that petitioner is not entitled to a certificate of appealability as to his claims.

## VIII.  RECOMMENDATION

For the foregoing reasons, it is respectfully recommended that respondent's motion for summary judgment, (D.E. 15), be granted, and that petitioner's motion for summary judgment, (D.E. 18), be denied.  Alternatively, if petitioner's shock probation claim is not procedurally defaulted, then it is respectfully recommended that petitioner be permitted to engage in discovery regarding this claim.  Finally, it is further respectfully recommended that a certificate of appealability be denied.

Respectfully submitted this 15th day of January 2008.

_____
BRIAN  L. OWSLEY
UNITED STATES MAGISTRATE JUDGE

## <u>NOTICE TO THE PARTIES</u>

The Clerk will file this Memorandum and Recommendation and transmit a copy to each party or counsel.  Within TEN (10) DAYS after being served with a copy of the Memorandum and Recommendation, a party may file with the Clerk and serve on the United States Magistrate Judge and all parties, written objections, pursuant to 28 U.S.C. § 636(b)(1)(C); Rule 72(b) of the Federal Rules of Civil Procedure; Rule 8(b) of the Rules Governing § 2254 Cases; and Article IV, General Order No. 2002-13, United States District Court for the Southern District of Texas.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within TEN (10) DAYS after being served with a copy shall bar that party, except upon grounds of *plain error,* from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court.  <u>Douglass v. United Servs. Auto. Ass'n</u>, 79 F.3d 1415 (5th Cir. 1996) (en banc).