IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| JESUS C. GARCIA | § | |
| | § | |
| v. | § | C.A. NO. C-07-340 |
| | § | |
| NATHANIEL QUARTERMAN | § | |

### ORDER DENYING PETITIONER'S MOTION FOR DISCOVERY

Petitioner is a state inmate currently incarcerated at the Dominguez Unit in San Antonio, Texas, who has filed a habeas petition pursuant to 28 U.S.C. § 2254. (D.E. 1). Pending is his motion to compel discovery. (D.E. 23). Specifically, he requests to engage in discovery regarding his shock probation claim. Id.

A habeas petitioner is generally not entitled to discovery. Rather, "Rule 6 of the Rules Governing § 2254 cases permits discovery only if and only to the extent that the district court finds good cause." Murphy v. Johnson, 205 F.3d 809, 814 (5th Cir. 2000) (emphasis added); see also United States v. Webster, 392 F.3d 787, 801 (5th Cir. 2004) ("A habeas petitioner may 'invoke the process of discovery available under the Federal Rules of Civil Procedure if, and to the extent that, the judge in the exercise of his discretion and for good cause shown grants leave to do so, but not otherwise.'") (citation omitted). The Fifth Circuit has explained that "[i]n order to establish good cause, the petitioner must demonstrate that 'a factual dispute, if resolved in the petitioner's favor, would entitle him to relief and the state has not afforded the petitioner a full and fair evidentiary hearing.'" Lave v. Dretke, 416 F.3d 372, 381 (5th Cir. 2005) (quoting Ward v. Whitley, 21 F.3d 1355, 1367 (5th Cir. 1994)). Petitioner has failed to establish good cause warranting discovery.

Indeed, respondent has moved for summary judgment on petitioner's claims, including

the one alleging that his counsel was ineffective for failing to request that the state trial court place petitioner on shock probation. (D.E. 15). A memorandum and recommendation was issued recommending that this claim was procedurally defaulted. (D.E. 21, at 7-11). Alternatively, it was "recommended that, if this claim is not procedurally defaulted, petitioner be allowed to engage in discovery regarding his assertion that his attorneys failed to apply for shock probation." Id. at 33 (emphasis added). Petitioner has filed objections with the Court arguing that his shock probation claim is not procedurally defaulted. (D.E. 22, at 3). The trial court has not issued any decision regarding the memorandum and recommendation or petitioner's objections.

Accordingly, petitioner's motion to compel discovery, (D.E. 23), is hereby DENIED without prejudice.

ORDERED this 28th day of January 2008.

_____
BRIAN L. OWSLEY
UNITED STATES MAGISTRATE JUDGE

2